REQUESTED BY: Senator Steve Wiitala Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Wiitala:
Concerning REQ. 350, which would authorize Sanitary and Improvement Districts to share in the Highway Allocation Fund, which you are contemplating introducing, you inquire if its general purpose conflicts with any constitutional provision. You also ask whether a Sanitary and Improvement District is a political entity which could share in the allocation fund.
The provisions of Neb.Rev.Stat. § 31-740 (Supp. 1980) give Sanitary and Improvement Districts broad powers of a municipal nature. The statutes refer to Sanitary and Improvement Districts as public corporations, and this office has many times characterized them as quasi municipal corporations.
In Hueftle v. Eustis Cemetery Assn., 171 Neb. 293,106 N.W.2d 400 (1960), the court said: `. . . Throughout the statutes, too numerous to cite, the Legislature has granted separate and distinct powers to villages and cities of various classes, and it has established different municipal organizations and has imposed different limitations of powers. . . .' We believe Sanitary and Improvement Districts are among those other types of bodies, and that they, if directed by statute, have the right to receive tax money, including that which flows through the Highway Allocation Fund.
You also ask if there are any other constitutional problems. Neb.Rev.Stat. § 31-727(3) (Reissue 1978) provides in part: `. . . No corporation formed or hereafter formed shall perform any new functions, other than those for which the corporation was formed without amending its articles of association to include the new function or functions.' Assuming that not all Sanitary and Improvement Districts are concerned with highways and roads, we believe that the aforesaid language gets over the hurdle of special legislation, since the class would not be closed if any district, by amending its articles, can bring itself within the ambit of the class.
In Omaha Parking Authority v. City of Omaha, 163 Neb. 97,77 N.W.2d 862 (1956), it was stated that the legislature has power to legislate with regard to streets, alleys and highways as a matter of state-wide concern. It was also held that the legislature may classify based on types of municipalities. Therefore, streets being a matter of statewide concern, it would appear logical that the legislature may, if it chooses, also apportion moneys from the Highway Allocation Fund to agencies having responsibility for a part of the system of public streets and roads.
We do not believe that the allocation of appropriated State funds to an entity charged with the construction and maintenance of public roads and streets constitutes extending the credit of the State to private enterprises. We believe this to be true despite the fact that Sanitary and Improvement Districts are often the creatures of private land developers, since the creature is, in the rendering of governmental services such as streets, sewerage, etc., a public entity.
Finally, since REQ. 350 contains but one subject and the title would appear to be reflective thereof, we believe that if passed into law, it would not violate any provision of the Constitution.
Very truly yours, PAUL L. DOUGLAS Attorney General Warren D. Lichty, Jr. Assistant Attorney General